1 LAW OFFICES OF SHEILA C. BAYNE, ESQ.
Sheila Bayne, Esq, SBN 123801
2 Email: sheila@autismlaws.com
Diana Renteria, Esq. SBN 192009
3 Email: diana@autismlaw.com
4 4000 MacArthur Blvd.
East Tower, Suite #600
5 Newport Beach, CA 92660
Phone:  (949) 636-6994
6 Fax:  (714) 276-6437

7

8 **Attorneys for Plaintiffs**

9

UNITED STATES DISTRICT COURT FOR THE
10 CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

11 PARIS CAMPBELL, formerly minor P.C.,
and LASHONDA HUBBARD, parent          Case No. _____
12

13                          Plaintiffs,      **APPEAL OF ADMINISTRATIVE**
**DECISION AND ORDER BY THE OFFICE**
14 v.                                       **OF ADMINISTRATIVE HEARINGS, CASE**
**NO. 2020120161, PURSUANT TO THE**
15 ETIWANDA SCHOOL DISTRICT and            **INDIVIDUALS WITH DISABILITIES**
CHAFFEY JOINT UNION HIGH              **EDUCATION ACT, TITLE 20 U.S.C. § 1400**
16 SCHOOL DISTRICT,                         **et seq., AND CIVIL RIGHTS CLAIM**
17                          Defendants.
18

19

20 **TO THE HONORABLE COURT AND TO ALL PARTIES:**

21

22                          **COMPLAINT**

23      **COME NOW,** Plaintiffs PARIS CAMPBELL ("P.C." or "Student") and LASHONDA

24 HUBBARD (collectively, "Plaintiffs") for their complaint, and appeal the June 9, 2021 decision

25 from the State of California Office of Administrative Hearings, Case No. 2020120161NMJ (*see*

26 Exhibit A) dismissing ETIWANDA SCHOOL DISTRICT as a party from P.C.'s due process

27 complaint against Defendants ETIWANDA SCHOOL DISTRICT ("Defendant ESD" or

28

1

"Defendant") and CHAFFEY JOINT UNION HIGH SCHOOL DISTRICT ("Defendant CJUHSD" or "Defendant"), and seek compensation for the violation of P.C.'s civil rights. Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.      This Honorable Court has jurisdiction over this matter under 28 U.S.C. §1331, as this matter arises under one or more federal statutes, including specifically, the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq*. ("IDEA"), and pursuant to 34 C.F.R. §300.516(b), as referenced in California Education Code section 56505(k), which grants parties the right to appeal decisions issued by the State of California Office of Administrative Hearings to United States District Courts without regard to the amount in controversy.

2.      Venue is appropriate in the Court under 34 C.F.R. §300.516(b) as such actions may be brought in any District Court of the United States, and 28 U.S.C. §1391 because Defendant ESD is organized to conduct its business within this judicial district and the events or omissions giving rise to the claims herein occurred in the district.

## THE PARTIES

3.      When these matters began, Plaintiff P.C. ("P.C." or "Student") was a thirteen-year-old student residing within Defendant ESD's and CJUHSD's geographic boundaries, entitling her to attend Day Creek Intermediate in the Etiwanda School District until matriculation from the eighth grade and Rancho Cucamonga High School in the Chaffee Joint High School District beginning in the ninth grade.  P.C. lives with her parent, LASHONDA HUBBARD ("Parent"), who holds educational decision-making authority for P.C.

4.      Parent is legally responsible for P.C.'s welfare and qualifies as her "parent" as defined under the IDEA.  *See* 34 C.F.R. §300.30(a)(4).

5.      Defendants ESD and CJUHSD are public entities organized and existing pursuant to the laws of the state of California and each doing business as a public-school district.  As such, Defendants are subject to the IDEA and California education law and were, at all times herein, responsible for the education of P.C.

## **FACTS**

6.      P.C. was enrolled in ESD during the 2018-2019 school year.

7.      ESD is served by the West End Specialized Education Local Plan Area (West End SELPA).

8.      Parent and Defendant ESD executed an Individualized Education Plan ("IEP") dated November 27, 2018.  (*See* Exhibit B).

9.      Parent and Defendant ESD agreed to amend the IEP through a settlement agreement ("SA"), dated June 7, 2019.  (*See* Exhibit C). The agreement, signed by the Parent, Defendant ESD, and the West End SELPA director, states, in relevant part:

> Parties agree that [Defendant ESD] shall develop an IEP amendment for implementation during the 2019-2020 school year, when Student will transition to high school for ninth grade.  The IEP amendment shall include the following: Placement in the general education setting for 50% (fifty percent) of Student's school day.  Student's schedule shall be as follows: (a) specialized academic instruction for English, math and the resource support program ("RSP"); and general education for P.E., history and science; (b) Assistive technology in the form of an iPad to be used during the school day and at home for educational purposes.

10.     P.C. matriculated from Day Creek Intermediate School in the Spring of 2019.

11.     P.C.  enrolled in the CJUHSD in August 2019 at the beginning of the 2019-2020 school year.

12.     To accomplish this enrollment, Parent submitted an application for P.C. to attend Rancho Cucamonga High School in the CJUHSD indicating that P.C. had an IEP.

13.    Staff at Day Creek Intermediate School notified appropriate staff at Rancho Cucamonga High School that P.C. had an IEP by loading the November 27, 2018, IEP (Exhibit B), without the amendments required by the SA, into an electronic computer system ("SEIS") designed to transmit special education documents between ESD and CJUHSD.  However, ESD failed to either amend Student's IEP before uploading it into SEIS or upload the SA containing the agreed upon amendments into the SEIS.

14.    Defendant CJUHSD accepted and enrolled Student at the beginning of the 2019-2020 school year but did not implement the IEP as amended by the SA during either the 2019-2020 or 2020-2021 school years.

15.    Plaintiff thereafter filed a timely petition with the State of California Office of Administrative Hearings for a due process review of Defendant ESD and CJUHSD's IEP implementation, seeking a declaration that Defendants had denied Plaintiff a free appropriate public education ("FAPE").  The case was assigned Case No. 2020120161. Plaintiff filed the complaint against both Defendants CJUHSD and ESD on November 17, 2020, alleging that they had denied P.C. a FAPE.  (*See* Exhibit D).  The Complaint identified the following issues:

1.  Did ESD deny P.C. a FAPE by failing to ensure that P.C.'s transition IEP was known to CJUHSD?
2.  Did CJUHSD deny P.C. a FAPE by failing to implement the IEP P.C. has in place at Day Creek Intermediate, as amended by the June 7, 2019, Settlement Agreement when she enrolled at Rancho Cucamonga High School for the 2019 school year?
3.  Did CJUHSD deny P.C. a FAPE from August 5, 2019 through May 8, 2020 by failing to schedule an IEP meeting in time to provide her needed services during the 2019-2020 school year?
4.  Did CJUHSD deny P.C. a FAPE by failing to conduct a proper IEP meeting on June 26, 2020?
    A.  Did the IEP team have sufficient information?
    B.  Did the IEP team make a proper assessment?
    C.  Was P.C. given an opportunity for "meaningful participation" in the IEP meeting?
    D.  Was the IEP Document correct?

4

*CAMPBELL v. ETIWANDA SCH. DIST. and CHAFFEY JOINT UNION HIGH SCH. DIST., PLAINTIFF'S COMPLAINT*

*Appeal of OAH Case No. 2020120161NMJ*

5. Has CJUHSD denied P.C. a FAPE by failing to provide her with direct services during the Covid-19 Pandemic from March 2020 until the present?
6. Did ESD and CJUHSD deny P.C. a FAPE by failing to fund her Lindamood Bell services after LMB reopened from Covid-19 closing in August 2020?

(*Id.*)

16.     On December 18, 2020, ESD filed an MTD to dismiss issues one and six. (Exhibit E). ESD as a party to the action, alleging that ESD's omission of the SA involved enforcement of a settlement agreement with the California Department of Education (CDE), not a due process appeal with the Office of Administrative Hearings ("OAH") for denial of FAPE.  (*see id.*.). Accordingly, Defendant ESD asked to be dismissed from the complaint.  (*See id.*.) Plaintiff responded to Defendant ESD's motion with an opposition brief on December 23, 2020. (*see* Exhibit F)

17.     The MTD was assigned to OAH Administrative Law Judge Alexa Hohensee, who subsequently decided Defendant ESD's MTD. Judge Hohensee issued a written decision denying Defendant's MTD as to Issue One on December 24, 2020, explaining that:

> Issue 1 is not alleging a mere attempt to enforce a settlement agreement.  It contends that Etiwanda's actions or inactions in breach of the settlement agreement resulted in a denial of FAPE.  Whether Etiwanda's breach of the settlement agreement denied Student a FAPE, and *whether Etiwanda's affirmative defense that a claim arising from such a breach was waived, are issues within OAH jurisdiction.*  (emphasis added) (*see* Exhibit H at p. 4)

18.     Judge Hohensee's decision was final and provided full review of the MTD as filed by Defendant ESD.  Defendant ESD did not renew or ask to revisit the MTD at any time following the denial of its MTD in December 2020.

19.     At no time did Defendant ESD submit or serve Student or Parent with an appeal from Judge Hohensee's ruling denying its MTD.

20.     The matter was subsequently set for hearing on June 8, 2021, with both Defendants proceeding as parties to the action.  Counsel for P.C. prepared witnesses, exhibits,

and evidence for the June 8, 2021, hearing in full reliance on the rulings of ALJ Hohensee's

ruling in the MTD, pleadings and order from OAH leading up to the hearing that retained both

Defendants as parties, and prepared witnesses, arguments and hearing strategy believing that both

Defendants and their witness would appear. (*see* Declaration of Sheila Bayne, Exhibit G)

21.    According to OAH procedures and with no objection by Defendant ESD, the

following occurred: 1) a pre-hearing conference was held on May 28, 2021, to confirm the parties

were prepared to proceed.  At the PHC, all parties, including Defendant ESD, confirmed they

were ready to proceed.    2) Student and Defendants timely submitted Exhibits and Witness list

to OAH five days before the first day of the calendared hearing on June 8, 2021. 3. Defendants

filed a Joint Statement of Issues ("JSOI") on or about June 3, 2021. (*See* Exhibit J).  Defendant's

JSOI summarized the first issue for hearing as follows: "Did ESD deny P.C. a FAPE by failing

to ensure that P.C.'s transition IEP was known to CJUHSD?"  (*Id*. at p. 2.).

22.    On June 8, 2021, a hearing was held before Judge Krikorian under the Individuals

with Disabilities Education Act, its regulations, and California statutes and regulations.   20

U.S.C. § 1400 *et seq*.; 34 C.F.R. § 300.1 (2006) *et seq.*; Ed. Code, § 56000 *et seq.*; Cal. Code

Regs., tit. 5, § 3000 *et seq.*   On the first day of the scheduled hearing before OAH, Judge

Krikorian inexplicably began proceedings by changing the wording in issue number one as stated

in the complaint and ruled upon by the previous OAH Judge, who specifically ruled issue one was

a question pertaining to issues of fact properly before OAH pursuant to Student's complaint.

Students counsel later objected to the change of substance of the issue. The ALJ can reword and

clarify issues stated in prehearing conference statement as allowed by the holdings in *J.W. v.

Fresno Unified School Dist.* (9th Cir. 2010) 626 F.3d 431, 442-443, and *Ford v. Long Beach

Unified School Dist.* (9th Cir. 2002) 291 F.3d 1086, 1090. (But see *M.C. v. Antelope Valley Union*

*CAMPBELL v. ETIWANDA SCH. DIST. and CHAFFEY JOINT UNION HIGH SCH. DIST., PLAINTIFF'S COMPLAINT*

*Appeal of OAH Case No. 2020120161NMJ*

*High School Dist.* (9th Cir. 2017) 858 F.3d 1189, 1196, fn. 2 [dictum].) The ALJ was and is not allowed to change the substance of the issue.

23.    Judge Krikorian then issued an order for parties to submit arguments whether Defendant ESD was a proper party to Student's complaint. She identified the following issues regarding whether to dismiss Issue One and Defendant ESD:

a)  Does the June 2019 Settlement Agreement between Parent and Etiwanda have a confidentiality clause? If so, does the Settlement Agreement include specific language as to whether the Settlement Agreement was meant to be shared with another school district?

b)  Did the Settlement Agreement have language that the parties agreed made the Settlement Agreement enforceable as a stand-alone IEP, or an amendment to the IEP that was intended to deliver FAPE, at Chaffey?

c)  Did the Settlement Agreement include a waiver of claims in favor of Etiwanda? If so, what time period was included in the waiver of claims?

d)  When did Student officially enroll in Chaffey and when did Student disenroll from Etiwanda?

e)  Was Chaffey a party to the June 2019 Settlement Agreement or did the Settlement Agreement have any provision that Etiwanda would provide a copy of the Settlement Agreement to Chaffey?

f)  Did Student have an IEP signed by Parents that addressed Student's transition from middle school to high school? Did Chaffey participate in the IEP process? Did the Etiwanda IEP team or anyone else representing Etiwanda inform Chaffey of the terms of the Settlement Agreement?

g)  What was the date of Student's operative IEP on the first day of the 2019- 2020 school year? Were the Settlement Agreement terms included in the operative IEP intended to transfer to Chaffey?

h)  Does the applicable SELPA have policies and procedures over the normal course of business to share educational records between middle school and high school for students making the transition? If so, what is the process? Under what authority is that process administered?

i)  On what legal authority is Student relying on to establish that Issue 1 of the complaint is a FAPE claim under the jurisdiction of OAH and not a compliance issue that should be brought before CDE?

(*See* Exhibit I at pp. 4-7.)

24.    As Judge Hohensee had already ruled on the questions posed by Judge Krikorian were issues of fact properly before OAH pursuant to Student's complaint and should have been

*CAMPBELL v. ETIWANDA SCH. DIST. and CHAFFEY JOINT UNION HIGH SCH. DIST., PLAINTIFF'S COMPLAINT*

*Appeal of OAH Case No. 2020120161NMJ*

determined pursuant to witness examination pursuant to Student's due process hearing.  Since Judge Krikorian had identified the exact facts that she should consider to make her ruling, thereby conceding that she could not make her intended and predetermined ruling, Judge Krikorian included an order for the parties to establish facts using "declarations."  (*Id.* at p. 11).  Her instructions to the parties clearly mirrored the procedure for a motion for summary judgment in civil proceedings.

25.    Judge Krikorian provided no authority for her *sua sponte* reconsideration of a previously adjudicated motion from December 2020 that had not been renewed by Defendants.

26.    In violation of rules ensuring Plaintiffs' procedural due process rights and judicial fairness, Judge Krikorian then required the parties to submit briefs within twenty-four hours as follows:

> The parties shall submit briefs of no more than ten pages, in addition to supporting declarations, citing to authority as to 1) whether OAH has jurisdiction over the terms of the Settlement Agreement, and 2) whether Etiwanda is a proper party to this action. Parties shall cite to authority from title 20 U.S.C. 1400 et. seq., 34 Code of Federal Regulations subpart 300.1 et seq, and related California statutes, and applicable case law, that renders Student's Issue 1 a FAPE claim as opposed to a compliance claim that should be decided by the California Department of Education.5 Briefing shall be filed with OAH and served on the opposing party no later than 10:00 a.m. on June 9, 2021. Parties shall notify the OAH case manager immediately after the briefs are filed. The ALJ will rule on the issue of the viability of Issue 1 as a FAPE claim before hearing resumes on Thursday June 9, 2021. She then directed the parties to submit briefs to her by noon of the second scheduled day of hearing so that she could effectively re-decide Defendant ESD's MTD.

(See *Id.*)

27.    In a shocking departure from impartiality, due process, and fairness to Student and having less than 10 hours to review Judge Krikorian's order, research, summarize and fully brief the issues and arguments required by Judge Krikorian, Student timely submitted a brief as

ordered by 10:00 a.m., June 9, 2021.  (*See* Exhibit I.)

28.    Thereafter, Judge Krikorian issued a decision on her *sua sponte* motion on June 9, 2021, striking Issue One from the SOI by erroneously finding that "Issue One described Defendant ESD's breach of the SA, not a denial of FAPE."  (Exhibit A.)  Accordingly, Judge Krikorian wrongfully concluded that "Issue One should have been appealed to the California Department of Education as a compliance complaint" and OAH therefore did not have jurisdiction to hear Issue One. (*Id.*)  Judge Krikorian proceeded to strike Issue One from the SOI and directed Plaintiff to proceed without taking evidence or testimony on Issue One.  Then, going even further, she also concluded that Defendant ESD was not an appropriate party to Plaintiff's complaint.

29.    In striking Issue One and dismissing an important party to the Plaintiff's case, Judge Krikorian's ruling effected a motion for summary judgment as well as an Amendment to the Plaintiff's petition.  By removing an important party Defendant, responsible for the implementation of Student's IEP as amended by the SA, Plaintiff was unable to elicit evidence and testimony relevant to its complaint and important to due process as provided by the IDEA.  The ruling by OAH failed to meet the requisite procedural safeguards established by the IDEA.  Despite the amendment to Student's petition, timelines for the hearing were not reset as provided by the IDEA.

30.    As a result of the amendment to the Plaintiff's petition, removing a named Defendant, the hearing proceeded with witness testimony on June 10, 2021, precluding Student from eliciting relevant testimony and evidence essential to Student's petition. Throughout the hearing, Defendant CJUHSD witnesses claimed that Defendant CJUHSD did not implement the IEP as amended because Defendant ESD had never informed CJUHSD of the existence of the

*CAMPBELL v. ETIWANDA SCH. DIST. and CHAFFEY JOINT UNION HIGH SCH. DIST., PLAINTIFF'S COMPLAINT*

*Appeal of OAH Case No. 2020120161NMJ*

SA amending the IEP. Judge Krikorian rigorously enforced her order to proceed without examination of witnesses regarding Defendant ESD's duties regarding implementation of the amended 2018 IEP.  This precluded Student's ability to obtain a fair and impartial due process hearing.

31.    At hearing on June 10, 2021, Defendant CJUHSD's witness, Kelly Whelan, testified that Defendant ESD was responsible for communicating Student's special education status to CJUHSD using information it maintained for Student's IEP.  She testified that, pursuant to established procedure, Defendant ESD accomplished that duty by loading all special education documentation it maintained for P.C. into the SEIS system.  She further testified that while ESD submitted P.C.'s IEP into SEIS, ESD had not loaded the SA into the SEIS system. Seeking to strictly enforce her order, Student's counsel was not permitted by Judge Krikorian to fully cross examine Ms. Whelan on this important issue.

32.    At    hearing    on    June    11,    2021,    Defendant    CJUHSD witness, Kelly Martinez, testified that no one from ESD contacted her or informed her that the IEP had been amended by the SA or informed her that the SA existed.  Witness Martinez testified that she implemented the IEP as it was loaded into SEIS. Seeking to strictly enforce her order, Student's counsel was not permitted by Judge Krikorian to examine the witness on the importance of the SA to implementation of the IEP at Rancho Cucamonga Highschool or how the IEP would have been implemented had the SA been properly loaded into the SEIS.

33.    Throughout school years 2019-2020 and 2020-2021, P.C. never received the services provided by the SA amending the IEP.

34.    At the hearing, Witness Royal Lord testified that he signed the SA for the ESD pursuant to his duties as Program Coordinator of the West End SELPA.  His signature appears

*CAMPBELL v. ETIWANDA SCH. DIST. and CHAFFEY JOINT UNION HIGH SCH. DIST., PLAINTIFF'S COMPLAINT*

*Appeal of OAH Case No. 2020120161NMJ*

on the SA. (*See* Exhibit C at p. 5). He also testified that Defendant ESD was responsible for ensuring that the terms of the SA were implemented for P.C. and that Defendant ESD was responsible for informing Defendant CJUHSD that the IEP had been modified by the SA. Seeking to strictly enforce her order, Student's counsel was limited from examining the witness by Judge Krikorian on this important point.

35.     After enrollment at Rancho Cucamonga, Defendant CJUHSD discovered that P.C. struggled to maintain passing grades in Math, History and Science and maintained throughout the hearing that the services as provided in the SA were never known to them, therefore they did not provide them and as a result, CJUHSD maintained, as their primary defense, that staff could not know that the services provided in the SA were intended to prevent P.C's academic struggles and therefore were not responsible for denial of FAPE.

36.     While this hearing is still proceeding, it has become clear that Student is unable to obtain a full and fair due process hearing where Student cannot pursue her petition against Defendant ESD and OAH has denied Student due process as required by the IDEA.

37.     Plaintiff has exhausted all procedural requirements necessary to bring this action.

38.     Since this matter has been brought within 90 days of the June 9, 2021, date of the hearing officer's decision, this action has been timely filed. 34 C.F.R. §300.516(b).

39.     Plaintiffs have been forced to retain an attorney to resolve this matter and are now responsible for paying them. The IDEA provides that the court "may award reasonable attorneys' fees as part of the costs ... to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B).

*CAMPBELL v. ETIWANDA SCH. DIST. and CHAFFEY JOINT UNION HIGH SCH. DIST., PLAINTIFF'S COMPLAINT*

*Appeal of OAH Case No. 2020120161NMJ*

## COUNT ONE

**Violation of Individuals with Disabilities Education Act,**

**20 U.S.C. § 1400 *et seq.* & California Education Code § 56000 *et seq.***

**Procedural Safeguards**

40.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 39 as though set forth fully herein.

41.     Under the Individuals with Disabilities Education Act, 20 U.S.C. §§1400-1487, students with disabilities are entitled to free appropriate public education ("FAPE").  *See* 20 U.S.C. § 1400(d)(1)(A)); 20 U.S.C. § 1400 *et. seq.*; 34 C.F.R. § 300.1 (2006) *et seq.*  California law requires this as well.  Cal. Educ. Code §56000 *et seq.*; Cal. Code Regs., Tit. 5, § 3000 *et seq.*  A FAPE means special education and related services that are available to an eligible child that meets state educational standards at no charge to the parent or guardian.  20 U.S.C. § 1401(9); 34 C.F.R. § 300.17.

42.     A school district is required to establish and maintain procedures in accordance with this section to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free and appropriate public education. 20 U.S.C. § 1415(a); Cal. Ed. Code, § 56171, 56301.  Where OAH's order to remove Issue 1 from Student's complaint and ESD as a defendant, such amendment should have reset hearing timeframes, allowing Student time and opportunity to review evidence and witnesses required to fully meet its burden of proof.  This did not occur.  OAH violated the Procedural Safeguards provided by the IDEA.

43.     Whenever a complaint has been received by OAH, the parents shall have an opportunity for an impartial due process hearing as determined by State Law.  If the local

*CAMPBELL v. ETIWANDA SCH. DIST. and CHAFFEY JOINT UNION HIGH SCH. DIST., PLAINTIFF'S COMPLAINT*

*Appeal of OAH Case No. 2020120161NMJ*

education agency has not resolved the complaint to satisfaction of the Parents, the due process hearing may occur and all of the applicable timelines for a due process hearing under this chapter shall commence. 20 U.S.C. § 1415 (f)(1)(A), 1415 (f)(1)(B)(iii).  Pursuant to the Procedural safeguards, the hearing should have been taken off calendar and timelines for pre-hearing and hearing reset when OAH amended Student's complaint on the second scheduled day of hearing. Failure to do so denied Student of the protections of the Procedural Safeguards and an impartial due process hearing.

44.     Any party aggrieved by the findings and decisions shall have the right to bring a civil action with respect to the complaint presented may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to amount in controversy.  20 U.S.C. § 1415 (i)(2)(A).

45.     The Ninth Circuit has found that the hearing officer's review is limited to those issues raised in the complaint only.  *County of San Diego v. California Special Education Hearing Office.* 93 F.3d 1458 (9th Cir. 1996). When the ALJ altered "issue one" on the first day of hearing, she exceeded her authority.  By striking Defendant ESD on the first day of hearing, she violated the IDEA provisions for Procedural Safeguards.

46.     Courts have broad discretion to fashion an equitable remedy under the IDEA. This can include "compensatory education" to put the student in the same position he would have been in had he received the appropriate education from the school district in the first place.  *T.B. v. San Diego Uni. Sch. Dist.*, No. 08-CV-28MMA (S.D. Cal. Mar. 30, 2011).  The IDEA does not explicitly authorize the award of compensatory education, but based on the Supreme Court's *Burlington* decision, compensatory education as a remedy has been embraced by most circuits, including the Ninth, under the IDEA's authorization that courts may "grant such relief as the

*CAMPBELL v. ETIWANDA SCH. DIST. and CHAFFEY JOINT UNION HIGH SCH. DIST., PLAINTIFF'S COMPLAINT*

*Appeal of OAH Case No. 2020120161NMJ*

court determines appropriate." *R.P. v. Prescott Unified Sch. Dist.,* 631 F.3d 1117, 1125 (9th Cir. 2011); *Parents of Student W.*, 31 F.3d at 1496 (9th Cir. 1994); *Reid v. District of Columbia*, 401 F.3d 516, 522 (D.C. Cir. 2005); *Phil v. Mass. Dep't of Educ.*, 9 F.3d 184, 188-89 (1st Cir. 1993); *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 249 (3d Cir. 1999); *G. ex rel. RG v. Fort Bragg Dependent Schs.*, 343 F.3d 295, 308-09 (4th Cir. 2003); *Bd. of Educ. of Oak Park & River Forest High Sch. Dist. 200 v. Ill. State Bd. of Educ.*, 79 F.3d 654, 656 (7th Cir. 1996); *Miener v. Missouri*, 800 F.2d 749, 753 (8th Cir. 1986).

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter final judgment on P.C.'s behalf, reverse the June 8, 2021 OAH decision to strike Issue One of the Petitioner's complaint in the matter of the State of California Office of Administrative Hearings, Case No. 2020120161, and find that OAH denied P.C. her right to a full and impartial due process hearing and the guaranteed procedural safeguards with respect to whether Defendant ESD denied P.C. a FAPE. 20 U.S.C. § 1415(a).  Plaintiff further requests that this Court find, based on the evidence submitted at hearing, that Defendant ESD denied P.C. her due process rights under the IDEA by denying her a FAPE for the 2018-2019 and 2019-2020 school year, and awarding Plaintiffs the following:

Order ESD shall be required to fund approximately $150,000 in Student costs for present levels of service for a year, including reimbursement to Parents for all educational costs, legal costs, and fees they have incurred as a result of the ESD failing to offer appropriate placement, supports and services for 2020-2021 school year and ESD, resulting in the level of denial of FAPE. This should also include legal fees, independent assessments, transportation, and court fees. The Parent should be reimbursed for all fees for the 2020-2021 school year, to include, but not limited to counseling fees, appropriate fees for an individual aide, compensatory education

in the form of funding 8 hours of home tutoring per week by a credentialed teacher, funding 4 hours of behavioral psychological counseling per month by NPA psychologist of Parents choice, 1 hour of behavioral parent training per week by Dr. Tackett. 4 hours of LMB, Finally, it should include Speech and Language assessments, and services by NPA of Parent's choice, transportation costs to and from all NPA assessments and services; and Order any other relief deemed appropriate.

## COUNT TWO

### Violation of Violation of Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* & California Education Code § 56000 *et seq.*

### Res Judicata

47.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 46 as set forth fully here-in.

48.    OAH's decision issued June 9, 2021, dismissing Issue One from the Complaint, is precluded by previous litigation in which identical claims have been raised to the Court for Central District of and California and decided in the matter of Danielle Howard Martinez et al. v. Gavin Newsom ("Martinez") et al., 5:20-cv-01796-SVW-AFM (1/24/2020) (slip op.). The parties in the present matter are the same parties who were the subject of the District Court's ruling.

49.    On November 30, 2020, Defendants in this matter also moved to dismiss the Request for Due Process brought by K.P. in OAH Case No. 2020120058 and her brother D.P. in OAH case No. 2020110498. The same attorney law firm, Atkinson, Andelson, Loya, Rudd & Romo, Cerritos, represented Defendants in that motion as represent Defendants in the present complaint. Their arguments made to dismiss P.C.'s issues are legally identical to the arguments

made in K.P. and D.P.'s cases. (See Exhibit F at p. 12-20)

50.    The District Court ruled: where a party alleges denial of a FAPE, OAH has jurisdiction, and that party must exhaust their remedies at OAH before they may proceed to Federal Court.    The District Court then dismissed each of the plaintiffs with settlement agreements, including P.C, Student D.P. and Student K.P., for failing to exhaust remedies. The issues Student's raised in that case were identical to the facts and allegations here. Thus, the District Court has already found that Student's did in fact allege denial of a FAPE and therefore needed to exhaust their OAH remedies first. OAH should not now contradict that conclusion and place P.C. into an administrative limbo where a District Court asserts they must exhaust remedies OAH claims it has no authority to exhaust.

51.    Judge Krikorian's decision is barred by the doctrine of *Res Judicata,* and the Court's decision in Martinez may not be re-decided or relitigated.    *Pacific Coast Medical Enterprises v. Dept. of Benefit Payments* (1983) 140 Cal.App.3d 197, 203 [189 Cal.Rptr. 558]. Res judicata precludes the re-litigation of issues in a case when the same issue has already been litigated and finally decided in a prior case involving the same parties. *Henn v. Henn* (1980) 26 Cal.3d 323, 329-330 [161 Cal.Rptr. 502, 605 P.2d 10].

52.    It is now generally recognized that res judicata applies in administrative proceedings to decisions of an administrative agency made pursuant to its judicial function. *Hollywood Circle, Inc. v. Dept. of Alcoholic Beverage Control* (1961) 55 Cal.2d 728, 732-733 [13 Cal.Rptr. 104, 361 P.2d 712].

53.    This Martinez decision was made part of the case history in December when the parties briefed and litigated Defendant ESD's motion to dismiss.  Judge Krikorian acknowledged on the hearing record that she had spent many hours reviewing the entire case record to prepare

for the hearing on June 8, 2021.  That review would have included Student's previous submission of the Martinez decision.  Therefore, it is clear that OAH was well aware of the District Court's decision regarding P.C. OAH's ruling violates well known and understood legal doctrine, OAH actively ignored the documents and rulings that so clearly established its decision to strike Issue 1 addressing enforcement of the SA was barred by res judicata. Since this issue had also previously been properly decided by Judge Hohensee, OAH reveals a significant lack of objectivity in its decision to dismiss Issue One and Defendant ESD as a party. OAH's decision to strike Issue One and remove Defendant ESD is not only a jaundiced violation of res judicata by an Administrative Law Judge who openly and frequently admits to being frustrated by the volume of litigation presented by Plaintiff's counsel in its representation of students and families, it reveals potential bias by OAH in rendering its decision and the decision must be vacated.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter final judgment on P.C.'s behalf reversing the decision of the State of California Office of Administrative Hearings to Strike Issue 1 and dismiss ESD as a defendant, issue a finding that Defendant ESD denied P.C. her due process rights under the IDEA by denying her a FAPE for the 2018-2019 and 2019-2020 school years, and awarding Plaintiffs the following:

Order ESD shall be required to fund approximately $150,000 in Student costs for present levels of service for a year, including reimbursement to Parents for all educational costs, legal costs, and fees they have incurred as a result of the ESD failing to offer appropriate placement, supports and services for 2020-2021 school year and ESD, resulting in the level of denial of FAPE. This should also include legal fees, independent assessments, transportation, and court fees. The Parent should be reimbursed for all fees for the 2020-2021 school year, to include, but not limited to counseling fees, appropriate fees for an individual aide, compensatory education

in the form of funding 8 hours of home tutoring per week by a credentialed teacher, funding 4 hours of behavioral psychological counseling per month by NPA psychologist of Parents choice, 1 hour of behavioral parent training per week by Dr. Tackett. 4 hours of LMB, Finally, it should include Speech and Language assessments, and services by NPA of Parent's choice, transportation costs to and from all NPA assessments and services; and order any other relief deemed appropriate.

## COUNT THREE

**Violation of Individuals with Disabilities Education Act,**

**20 U.S.C. § 1400 *et seq.* & California Education Code § 56000 *et seq.***

**Collateral Estoppel**

54.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 53 as though set forth fully here-in.

55.     The doctrine of collateral estoppel prevents re-litigation of issues for which a decision has already been rendered, and traditionally arises when the same issue now before the court has previously been raised and litigated in an earlier action or proceeding.  *U.S. v. Wells* (8th Cir. 2003) 347 F.3d 280, 285.

56.     This doctrine extends to the findings of state administrative agencies when they are acting in a quasi-judicial capacity, whether or not the findings are affirmed by a state court. *Misischia v. Pirie* (9th Cir 1995) 60 F3d 626.

57.     To apply the doctrine of collateral estoppel in a subsequent administrative proceeding, it must first be demonstrated that the agency who rendered the previous decision was acting in its adjudicatory capacity to resolve a disputed issue of fact properly before that agency.  *People v. Sims* (1982) 32 C3d 468, 479 ("*Sims*") [citing *U.S. v. Utah Constr. & Mining*

*Co.* (1966) 384 US 394, 86 S Ct 1545]; *see Castillo v. City of Los Angeles* (2001) 92 CA4th 477, 481. OAH was acting in its adjudicatory capacity when Judge Hohensee issued her order denying Defendant ESD's MTD.

58.     Factors used to determine whether the agency was acting in a judicial capacity include whether: the statute under which the agency acted required the hearing to be conducted in an impartial manner, whether the parties were able to make oral and written arguments, whether the parties could introduce documentary evidence, whether the Administrative Law Judge ("ALJ") rendered a written statement of the reasons for the decision, and whether the decision was "adjudicatory in nature." *Pacific Lumber Co. v. State Water Resources Control Bd.* (2006) 37 C4th 921, 944; *Sims, supra*, 32 C3d at 479. Each of those was the case here.

59.     Once an agency is demonstrated to have been acting in its adjudicatory capacity when issuing the prior decision, it then must be shown that:

 (1) the issue sought to be precluded from re-litigation is identical to the    issue decided in the former proceeding;

(2) the issue was actually litigated in the former proceeding;

(3) the judgment in the former proceeding was final and on the merits; and

(4) the party against whom preclusion is sought is the same as, or was in    privity with, the party to the former proceeding. (*Id*.)

60.     20 U.S.C. § 1415(b)(6) and Ed. Code § 56501(a) required OAH to act in an impartial manner regarding Plaintiff's complaint. The parties to the action were allowed to present written arguments. The ALJ issued a written statement explaining the reasoning for the decision. Thus, OAH was clearly acting in its adjudicatory capacity when it issued the order maintaining Defendant ESD as a party to Plaintiffs' action on December 8, 2020. *See Pacific*

*Lumber Co. v. State Water Resources Control Bd.* (2006) 37 C4th 921, 944; *People v. Sims* (1982) 32 C3d 468, 479.  Accordingly, the doctrine of collateral estoppel extends to the decision rendered by OAH on December 8, 2020.  (*See* Exhibit F.)

61.    The June 8, 2021, decision issued by ALJ Adrienne L. Krikorian ("Krikorian") ordered the parties to provide additional briefing on two issues: "whether 1) OAH has jurisdiction over the enforcement of the terms of the Settlement Agreement between Etiwanda and Student, and 2) whether Etiwanda is a proper party to this action."  (See Exhibit A (Krikorian Decision) at p. 3.)

62.    These *precise* issues had previously been litigated before and decided by ALJ Alexa Hohensee ("Hohensee") on December 24, 2020.  (Exhibit H).  In her December 2020 decision, ALJ Hohensee determined that, although "a failure to implement the settlement agreement" alone "is outside OAH's jurisdiction," OAH did have jurisdiction over "issues one and three in the complaint" because Student's issue one and three "clearly allege IDEA violations" and were "not merely a breach of a settlement agreement, but rather, a violation of the IDEA." *Id.*

63.    Since ALJ Hohensee found that OAH had jurisdiction over issues one and three and that the question of "whether Etiwanda denied Student a FAPE under the IDEA [was] within OAH's jurisdiction and an issue of fact to be determined at a due process hearing," the June 8, 2021 order issued by ALJ Krikorian requesting additional litigation of "whether Etiwanda is a proper party to this action" was a clear effort to re-litigate issues previously decided.  (Exhibit A .)  Accordingly, the first element of collateral estoppel is met.

64.    The remaining elements of collateral estoppel require the issues to have been actually litigated in a prior proceeding against the same party and the decision rendered to have

*CAMPBELL v. ETIWANDA SCH. DIST. and CHAFFEY JOINT UNION HIGH SCH. DIST., PLAINTIFF'S COMPLAINT*

*Appeal of OAH Case No. 2020120161NMJ*

been both final and on the merits. Here, since the parties provided oral and written argument, documentary evidence, and ALJ Hohensee issued a written statement explaining the reasoning for her December 2020 decision, the issue of "whether Etiwanda is a proper party to this action" had been actually litigated prior to June 2021. (Exhibit F)

65.    Furthermore, since the December 2020 decision conclusively ruled on Defendant ESD's Motion to Dismiss in Part and explicitly stated that "whether Etiwanda denied Student a FAPE under the IDEA is … an issue of fact to be determined at a due process hearing," the December 2020 decision was final and made and on the merits.

66.    Finally, since Etiwanda was a party to the December 2020 proceeding and is the same party against whom preclusion is now sought, all the remaining elements of collateral estoppel are met.

67.    Given that OAH was acting in its adjudicatory capacity when the December 2020 decision was issued and all the other requirements of collateral estoppel are met, OAH's decision to strike Issue One from the Complaint must be vacated, Defendant ESD must answer at hearing for its denial of FAPE for P.C. and a hearing on the matter should have proceeded so that Plaintiff may be afforded due process rights that are provided by the IDEA.

**WHEREFORE**, Plaintiffs respectfully requests that This Honorable Court enter final judgment on P.C.'s behalf reversing the decision of the State of California Office of Administrative Hearings, Case No. 2020120161, and finding that Defendant ESD denied P.C. her due process rights under the IDEA by denying her a FAPE for the 2019-2020 school year, and awarding Plaintiffs the following:

(l) That Plaintiff be reimbursed for her costs, fees and expenses in bringing This matter, including her attorneys' fees and expert fees, in accordance with 20 U.S.C.

21

§ 1415(i)(3)(B).

(m) That the Court award such relief as This Honorable Court deems just and appropriate.  20 U.S.C. § 1415(i)(2)(C)(iii) ("the court... shall grant such relief as the court determines appropriate").

## COUNT FOUR

### Violation of Individuals with Disabilities Education Act,

### 20 U.S.C. § 1400 *et seq.* & California Education Code § 56000 *et seq.*

### OAH improperly effected an order granting Summary Judgment.

68.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 67 as though set forth fully here in.

69.    Absent statutory exception, the IDEA mandates that a district offer a FAPE to all students who reside in it. A local education agency is charged with "providing for the education of children with disabilities within its jurisdiction." (20 U.S.C. § 1413(a)(1).)

70.    A school district shall have an IEP in place at the beginning of each school year for each child with exceptional needs residing within the district. (Ed. Code, § 56344, subd. (c); 20 U.S.C. § 1414(d)(2)(A); 34 C.F.R. § 300.323(a).)

71.    Where a special education student transitions from an elementary school district to a high school district, the elementary district shall invite the high school district "to the IEP team meeting prior to the last scheduled review" and, if authorized high school district personnel participate in the IEP team meeting, the IEP shall specify the appropriate high school placement. (5 C.C.R. § 3024(b).)

72.    While P.C. was a student at Defendant ESD's school, Defendant ESD invited Defendant CJUHSD to attend an "Articulation meeting" to determine P.C. appropriate high

*CAMPBELL v. ETIWANDA SCH. DIST. and CHAFFEY JOINT UNION HIGH SCH. DIST., PLAINTIFF'S COMPLAINT*

*Appeal of OAH Case No. 2020120161NMJ*

school placement.  If such a meeting took place, the Defendant ESD was under a duty to inform Defendant CJUHSD that the IEP had been amended by the SA.

73.    Where the authorized representative of the high school district does not participate in the student's IEP development prior to transfer from the elementary program, the elementary school shall notify the high school district of students with exceptional needs who require special education and related services.

74.    Defendant CJUHSD did not participate in P.C.'s IEP development while she was a student with Defendant ESD.  Therefore, Defendant ESD had a duty to notify CJUHSD of P.C.'s special education and related service needs.  Defendant ESD did not inform CJUHSD that the IEP had been amended by the SA with regard to special education and related services.

75.    Education Code section 56325 applies where a special education student transfers between two districts within the same special education local plan area within the same academic year. In the present matter, P.C. was denied the opportunity to proceed against the party defendant who was responsible for ensuring that the Defendant CJUHSD was properly notified of P.C.'s need for special education and related services.  Plaintiff had clearly alleged facts in the Complaint to justify a due process hearing on whether the Defendant had met its obligation.

76.    District court held that OAH has jurisdiction to adjudicate claims that allege a student was denied a FAPE as a result of the violation of a mediated settlement agreement. *Pedraza v. Alameda Unified School District (N.D. Cal. 2007, No.C 05-04977 VRW, 2007 WL 949603)*

77.    The complaint properly alleges facts to support that Defendant ESD denied P.C. a FAPE when it failed to follow through with the terms of the SA, even if these same facts would also establish that Defendant ESD was in breach of the SA.  Whether Defendant ESD denied

*CAMPBELL v. ETIWANDA SCH. DIST. and CHAFFEY JOINT UNION HIGH SCH. DIST., PLAINTIFF'S COMPLAINT*

*Appeal of OAH Case No. 2020120161NMJ*

P.C. a FAPE under the IDEA is within OAH's jurisdiction and an issue of fact to be determined at hearing.

78.     OAH may grant motions to dismiss that are factually outside of its jurisdiction, but neither the IDEA, California special education law, nor the hearing rules for OAH provide the authority for relief by a party through summary adjudication procedure.

79.     By ruling that the Plaintiff's sole remedy for Defendant's failure to comply with the terms of the SA was an enforcement complaint with the CDE, without giving the Plaintiff the opportunity to develop a factual record in support of the complaint, OAH effected a decision for summary judgment in Defendant ESD's favor.

80.     Additionally, OAH ALJ Christine Frick issued an OAH Order on December 8, 2020 in OAH Case # 2020110498 stating "Student argues that issue one and three in the complaint were not merely a breach of a settlement agreement, but rather, a violation of the IDEA.  Thus, OAH has jurisdiction to determine these issues." (Exhibit F at p. 15).  This order was issued on or before the order in this case and was substantially similar in facts and issues. ALJ Krakorian was made aware of this decision before making her decision in this case.

81.     Additionally, OAH ALJ Krakorian issued an OAH Order on December 10, 2020 stating "The claims require factual findings by the hearing officer, particularly here where Student claims Etiwanda failed to implement the terms of the Settlement Agreement, including the last agreed upon IEP as modified, resulting in a denial of FAPE.  To the extent that those claims involve an allegation of denial of FAPE, OAH has jurisdiction." (Exhibit F at p. 19).  This order was issued on or before the order in this case and was substantially similar in facts and issues.  ALJ Krakorian issued this decision and additionally was made aware of this decision before making her decision in this case.

*CAMPBELL v. ETIWANDA SCH. DIST. and CHAFFEY JOINT UNION HIGH SCH. DIST., PLAINTIFF'S COMPLAINT*

*Appeal of OAH Case No. 2020120161NMJ*

82.     The IDEA affords parents the procedural protection of an impartial due process hearing with respect to any matter relating to the identification, assessment, or educational placement of the child, or the provision of a FAPE to the child. 20 U.S.C. § 1415(b)(6) & (f); 34 C.F.R. § 300.511; Ed. Code, §§ 56501, 56502, and 56505; Cal. Code Regs., tit. 5, § 3082.

83.     As a result of the Defendant ESD's reliance on its position that Defendant CJUHSD was responsible for implementation of the IEP in the 2019-2020 school year but failed to inform Defendant CJUHSD that the IEP had been amended, the Defendant ESD denied P.C. a FAPE for the 2018-2019 and 2019-2020 school years.

84.     The OAH decision compounded this by effecting Summary Judgement, dismissing Issue One from the complaint and removing an important party defendant from the hearing without taking evidence pursuant to a due process hearing as provided by the IDEA before issuing that decision.

**WHEREFORE**, Plaintiffs respectfully request that This Honorable Court enter final judgment on P.C.'s behalf reversing the decision of the State of California Office of Administrative Hearings, Case No. 2020120161, and finding that Defendant ESD denied P.C. her due process rights under the IDEA by denying her a FAPE for the 2018-2019, and 2019-2020 school years, and awarding Plaintiffs the following:

Order ESD shall be required to fund approximately $150,000 in Student costs for present levels of service for a year, including reimbursement to Parents for all educational costs, legal costs, and fees they have incurred as a result of the ESD failing to offer appropriate placement, supports and services for 2020-2021 school year and ESD, resulting in the level of denial of FAPE. This should also include legal fees, independent assessments, transportation, and court fees. The Parent should be reimbursed for all fees for the 2020-2021 school year, to include, but

not limited to counseling fees, appropriate fees for an individual aide, compensatory education in the form of funding 8 hours of home tutoring per week by a credentialed teacher, funding 4 hours of behavioral psychological counseling per month by NPA psychologist of Parents choice, 1 hour of behavioral parent training per week by Dr. Tackett. 4`00 hours of LMB, Finally, it should include Speech and Language assessments, and services by NPA of Parent's choice, transportation costs to and from all NPA assessments and services; and order any other relief deemed appropriate.

## **COUNT FIVE**

### **Violation of the Provisions of Procedural Due Process**

85.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 39 as though set forth fully here in.

86.    When preparing an IEP, the school district "must comply both procedurally and substantively with the IDEA." *M.C. v. Antelope Valley Union High Sch. Dist.*, No. 14-56344, slip op. at 5 (9th Cir. 2017); *M.L.* v. *Fed. Way Sch. Dist.*, 394 F.3d 634, 644 (9th Cir. 2005) (citing *Rowley*, 458 U.S. at 206–07). The IDEA sets forth a number of procedural safeguards.  20 U.S.C. § 1415.

87.    Defendant District is a public entity organized and existing pursuant to the laws of the State of California to act as a public school district.

88.    As a public school district, Defendant is possessed by virtue of State and Federal law with the responsibility for the education of P.C. in accordance with the IDEA, 20 U.S.C. §§ 1400-1487.

89.    Where a special education student transitions from an elementary school district to a high school district, the elementary district shall invite the high school district "to the IEP

team meeting prior to the last scheduled review" and, if authorized high school district personnel participate in the IEP team meeting, the IEP shall specify the appropriate high school placement. (5 C.C.R. § 3024(b).)

90.    Where the authorized representative of the high school district does not participate in the student's IEP development prior to transfer from the elementary program, the elementary school shall notify the high school district of students with exceptional needs who require special education and related services.

91.    Education Code section 56325 applies where a special education student transfers between two districts within the same special education local plan area ("SELPA") in the same academic year. In that circumstance, the new district must provide services comparable to those described in student's existing approved IEP, except where the parent and district agree to develop, adopt, and implement a new IEP. (Ed. Code, § 56235, subd.(a)(2); 20 U.S.C. § 1414(d)(2)(C)(i)(I); 34 C.F.R. § 300.323(e).

92.    Where P.C.'s Articulation meetings between Defendant ESD and Defendant CJUHSD occurred at Defendant ESD school and before P.C. matriculated from Defendant ESD, Defendant ESD and Defendant CJUHSD are within the SELPA and P.C. was placed in CJUHSD from ESD in the same academic year.

93.    Defendant ESD acted under color of law when it communicated an incomplete version of P.C.'s IEP to Defendant CJUHSD.  Defendant's failure to communicate the IEP without communicating the proper amendments as documented in the SA denied P.C. a FAPE and Plaintiff properly included Defendant ESD in the complaint alleging Defendant ESD denied P.C. a FAPE.

94.    OAH denied Plaintiff due process when it issued its order removing an essential

party defendant, thereby depriving Student from fully litigating its complaint as filed with OAH.

95.    The order issued by OAH violated the Doctrine of Res Judicata as described above, thereby depriving Student of the access to a fair and impartial hearing before OAH.

96.    The order was issued by OAH was issued without authority or jurisdiction to affect a summary judgment as proceedings for summary judgment are not provided for in the IDEA, California Special Education Law or OAH hearing rules.  Therefore, the order violated Student's right to due process as guaranteed by the IDEA.

97.    The IDEA may be enforced through 42 U.S.C. §1983, which creates a private right of action against officials acting under color of state law who deprive a person of their federal rights.  *Smith v. Guilford Bd. Of Educ.*, 226 Fed. Appx. 58 (2d Cir. 2007) ("[i]t is well-settled that, while the IDEA itself does not provide for monetary damages, plaintiffs may sue pursuant to [Section 1983] to enforce its provisions – including the right to a FAPE – and to obtain damages for violations of such provisions.").

98.    The Defendant District's conduct deprived Plaintiff of a basic minimum education and OAH's order removing an important and named party defendant deprived Plaintiff of her due process right to fully litigate and pursue due process to meet her burden to prove that Defendants deprived her of a basic minimum education.

99.    The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend XIV.  This protects "fundamental rights and liberties," such as the right to a basic minimum education, which right has been defined by Congress through the IDEA.  OAH violated the Due Process Clause of the Fourteenth Amendment by depriving Plaintiff of a fair and impartial due process hearing, free from bias and where the hearing was conducted by OAH in violation of the

Doctrines of Res Judicata, Collateral Estoppel and far short of the due process provisions of the IDEA.

100.    Because the Defendant District's conduct discriminates against children with disabilities, as compared to children without disabilities, as it deprives them of a basic minimum education which it does not do to children without disabilities, their conduct likewise violates Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794 as amended), which prohibits discrimination against any person who has a disability on any federally-funded "program or activity." 42 U.S.C. §12131-12132.  Section 504 of the Rehabilitation Act of 1973 protects public school children who have disabilities.  For the same reasons, it violates Title II of the Americans with Disabilities Act of 1990 ("ADA")); 29 U.S.C. § 794, *et seq.*

101.    Plaintiff is entitled to compensation for the injury she suffered as a result of the Defendants misconduct and the violation of her civil rights alleged herein.

102.    This Court has the authority to award attorneys' fees and costs under 42 U.S.C. §1983, pursuant to 42 U.S.C. §1988, and under 20 U.S.C. § 1415(i)(3)(B).

**WHEREFORE**, Plaintiffs respectfully request that This Honorable Court enter final judgment on P.C.'s behalf for the violation of her civil rights and award compensation for her injuries as well as reimbursement for the attorneys' fees and costs incurred in seeking the vindication of their rights herein.

DATED: July 14, 2021

BY: _____
        Sheila Bayne, Esq. (Bar # 123801)
        Diana Renteria, Esq.  Bar #192009)
        LAW OFFICES OF SHEILA BAYNE, ESQ.
        4000 MacArthur Blvd.,
        East Tower, Suite #600

29

*CAMPBELL v. ETIWANDA SCH. DIST. and CHAFFEY JOINT UNION HIGH SCH. DIST., PLAINTIFF'S COMPLAINT*

*Appeal of OAH Case No. 2020120161NMJ*

Newport Beach, CA 92660
Telephone: (949) 636-6994
Facsimile: (714) 276-6437
*Sheila@autismlaws.com*
*diana@austimslaws.com*

**Attorneys for Plaintiff**

*CAMPBELL v. ETIWANDA SCH. DIST. and CHAFFEY JOINT UNION HIGH SCH. DIST., PLAINTIFF'S COMPLAINT*

*Appeal of OAH Case No. 2020120161NMJ*