1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.C., a minor, by and through her Guardian Ad Litem, Danielle Howard Martinez, and LASHONDA HUBBARD,<br><br>Plaintiffs,<br><br>v.<br><br>ETIWANDA SCHOOL DISTRICT; and CHAFFEY JOINT UNION HIGH SCHOOL DISTRICT,<br><br>Defendants. | Case No. 5:21-cv-01175-JWH-SHKx<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [ECF NO. 29]** |

Before the Court is the motion of Defendants Etiwanda School District
and Chaffey Joint Union High School District to dismiss the second amended
complaint of Plaintiffs P.C. and Lashonda Hubbard.[1]  In view of several
significant procedural missteps committed by counsel, the Court conducted a
Status Conference in January 2022.  After considering the papers filed in
support and in opposition,[2] as well as the arguments and representations that
counsel made at the Status Conference, the Court orders that the Motion is
**GRANTED**, for the reasons set forth herein.

## I. BACKGROUND

P.C. is a special needs student.  Pursuant to the Individuals with
Disabilities Education Act (the "IDEA"), P.C. received an individualized
education plan ("IEP"), dated November 2018, while she was enrolled in the
Day Creek Intermediate School, which is a middle school situated within
Defendant Etiwanda School District.[3]  Before P.C. entered high school in
August 2019, she and her parents amended her IEP through a settlement
agreement (the "Agreement") with Etiwanda.  The Agreement was intended to
transition P.C. to high school with special academic instruction in math and
English and to provide her with an iPad for educational purposes.[4]  That
Agreement was executed in June 2019.[5]  Etiwanda notified Chaffey—the school
district to which P.C.'s high school belongs—of the original IEP, but P.C. and
Hubbard allege that Etiwanda failed to forward to Chaffey the amendments to

---

[1]    Defs.' Mot. to Dismiss (the "Motion") [ECF No. 29].

[2]    The Court considered the following papers:  (1) the Second Am. Compl.
(the "Amended Complaint") [ECF No. 27]; (2) the Motion (including its
attachments); (3) Pl.'s Req. for Leave to File Opp'n and Opp'n to the Motion
(the "Request for Leave") [ECF No. 32]; and (4) Defs.' Opp'n to Pls.' Late
Filed Opp'n to the Motion (the "Opposition to the Request") [ECF No. 35].

[3]    Amended Complaint ¶¶ 6 & 10-13.

[4]    *Id*. at ¶ 9.

[5]    *Id*.

-2-

the IEP contained in the Agreement.[6]  As a result, P.C. and Hubbard allege that Chaffey failed to implement the amended IEP properly during the 2019-2020 and 2020-2021 school years.[7]

P.C. and Hubbard initially filed a petition with California's Office of Administrative Hearings (the "<u>OAH</u>") for a due process review of Defendants' alleged violation of the IDEA, seeking a declaration that Defendants denied P.C. a free appropriate public education.[8]  *See also* 20 U.S.C. § 1415(f)(1)(A); Cal. Educ. Code §§ 56501, 56505, & 56505.1.

In mid-December 2020, Etiwanda moved to dismiss Plaintiffs' petition with the OAH, alleging that it was not a proper party to the action.  Specifically, Etiwanda contended, among other things, that it was no longer the local education agency responsible for P.C.'s IEP.[9]  In late-December 2020, the Administrative Law Judge ("<u>ALJ</u>") presiding over the matter initially denied Etiwanda's motion, concluding that Etiwanda was a proper party because P.C. had alleged that Etiwanda's inactions resulted in a denial of a free appropriate public education to P.C.[10]

The matter was set for hearing before the OAH in June 2021.[11]  When the day of the hearing arrived, a different ALJ presided.  The new ALJ reversed the earlier ALJ's decision and concluded that Etiwanda was, indeed, not a proper party and dismissed Etiwanda from the action.[12]

---

[6]      *Id*. at ¶ 13.

[7]      *Id*. at ¶ 14.

[8]      *Id*. at ¶ 15.

[9]      Amended Complaint, Ex. E 6:25-7:22.  Additionally, P.C. and Defendants both characterize Etiwanda's motion before the OAH as suggesting that the dispute should have been resolved through a compliance complaint with the California Department of Education, not a due process review with the OAH. *Compare* Amended Complaint ¶ 16 *with* Motion 4:10-16.

[10]     Amended Complaint ¶ 17.

[11]     *Id*. at ¶ 20.

[12]     *Id*. at ¶¶ 22 & 28.

P.C. and Hubbard responded by filing their Complaint in this Court in July 2021.[13]  P.C. and Hubbard amended their pleading twice,[14] and in their operative Amended Complaint they now assert claims under the following theories:

- that the OAH violated the procedural safeguards of the IDEA;
- *res judicata*;
- collateral estoppel;
- that the OAH improperly effected an order granting summary judgment; and
- a 42 U.S.C. § 1983 claim for violations of the IDEA.[15]

Defendants moved to dismiss in December 2021.[16]  A month later, P.C. and Hubbard requested leave to file an opposition.[17]  They also voluntarily dismissed their claims against Chaffey, leaving only Etiwanda in this action.[18]  A day after that, Defendants opposed P.C. and Hubbard's Request for Leave to file an opposition.[19]  The Court conducted a Status Conference on January 14, 2022,[20] to address procedural issues pertaining to the briefing on the Motion. During that Status Conference, the Court vacated the January 21 hearing on the Motion.[21]

---

[13]    *See generally* Compl. [ECF No. 1].
[14]    *See generally* First Am. Compl. [ECF No. 8]; Amended Complaint.
[15]    Amended Complaint ¶¶ 40-102.
[16]    *See generally* Motion.
[17]    *See generally* Request for Leave.
[18]    *See* Notice of Dismissal Pursuant to Fed. R. Civ. P. 41(a) or (c) (the "Notice of Dismissal") [ECF No. 33].
[19]    *See generally* Opposition to the Request.
[20]    Unless otherwise indicated, all subsequent dates are in 2022.
[21]    *See* Minute Order [ECF No. 36] ¶ 3.

## II.  LEGAL STANDARD

### A.    Rule 12(b)(6)

Defendants move to dismiss for a failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A claim should be dismissed under Rule 12(b)(6) where the plaintiff fails to assert a "cognizable legal theory" or the complaint contains "[in]sufficient facts . . . to support a cognizable legal theory."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To survive a motion to dismiss, the complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The claim must be pleaded with "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and that rises "above the speculative level."  *Twombly*, 550 U.S. at 555.

### B.    Local Rules

No later than 21 days before the hearing on a motion, "[e]ach opposing party ***shall*** . . . serve upon all other parties and file with the Clerk either (a) . . . a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion."  L.R. 7-9 (emphasis added).  A court "may decline to consider any memorandum . . . not filed within the deadline set by order or local rule."  L.R. 7-12.  The failure to timely file an opposition "may be deemed consent to the granting . . . of the motion."  *Id*.  Indeed, the Ninth Circuit has held that a district court need not examine the merits of an unopposed motion to dismiss before summarily granting it pursuant to a local rule.  *See Wystrach v. Ciachurski*, 267 F. App'x 606, 609 (9th Cir. 2008).

-5-

# III.  DISCUSSION

## A.    Untimely Filings and Issues of Candor

As a threshold matter, P.C. and Hubbard's counsel—attorneys Sheila Bayne and Constance Zarkowski—brazenly violated several of this Court's Local Rules, and they come uncomfortably close to breaching their duty of candor to this tribunal.  First, Ms. Bayne failed to notify the Court that P.C. and Hubbard would ***not*** oppose Defendants' Motion.  *See* L.R. 7-9.  P.C. and Hubbard decided to dismiss their claims against Chaffey voluntarily, but only ***after*** any notice of non-opposition was due.[22]

Second, Ms. Bayne failed to file a timely opposition.  The hearing on the Motion was originally set for January 21.  Accordingly, P.C. and Hubbard's opposition (or notice of non-opposition) was due by December 31, 2021—*i.e.*, 21 days before the hearing.  But P.C. and Hubbard did not file any response to the Motion by that deadline.  Instead, on January 12, Ms. Bayne filed a Request for Leave to file an opposition.[23]  Ms. Bayne admits that she was "was served With Defendants [*sic*] motion to dismiss our Second Amended Complaint"[24] on December 21, 2021, before she left for a 10-day trip out of the country.[25]  The Court finds that excuse unacceptable.  Presumably, Ms. Bayne knew about her international travel ahead of time, so she could have either stipulated with Defendants' counsel for an extension of the hearing date or she could have filed an *ex parte* application for appropriate relief.  In a worse-case scenario, Ms. Bayne could have sought relief on January 3, the day that she returned to work.[26]  However, Ms. Bayne took none of those steps.

---

[22]    *See* Notice of Dismissal.
[23]    Request for Leave 17:1-18:11.
[24]    *Id*. at 17:25-26.
[25]    *Id*. at 17:27-28.
[26]    *Id*. at 18:1.

At the January 14 hearing, Ms. Bayne and her co-counsel, Ms. Zarkowski, provided a different explanation.  On the record, Ms. Bayne insisted that she and her colleague simply misread Rule 12 of the Federal Rules of Civil Procedure and misunderstood the deadlines.  They claimed that they always believed that P.C. and Hubbard had until January 11 to file their opposition.

Counsel's explanation rings hollow in view of their decision to file a request for leave to file an opposition, which made no mention of their (supposed) firmly held belief that January 11 was the deadline to oppose the Motion.[27]  Even so, counsel's excuse would be more believable if Ms. Bayne had not earlier justified her need for leave based upon her inability "to thoroughly research the issues that were asserted in Defendant's Motion to Strike [*sic*] *because of the timing of the notice*,"[28] rather than the timing established by the *rule*.  In view of those inconsistencies, the Court reminds Ms. Bayne and Ms. Zarkowski of their duty of candor before the tribunal.  *See* CA ST RPC Rule 3.3(a)(1) (mandating that a lawyer shall not knowingly make a false statement of fact to a tribunal).

P.C. and Hubbard's failure to file a timely opposition alone is a sufficient ground for the Court to **GRANT** the Motion and to **dismiss** the Amended Complaint without prejudice.  *See Wystrach*, 267 F. App'x at 609.  Nevertheless, in the interest of justice, the Court reviews the merits as well.

**B.    Merits of the Motion**

The Court concludes that the Motion should be granted on the merits. First, the Amended Complaint fails to state a claim with respect to its first claim for relief, because the OAH is not a named party to this action.  The Amended Complaint explicitly states that the "OAH violated the Procedural Safeguards

---

27    *See generally id.*

28    *Id.* at 18:7-9 (emphasis added).

provided by the IDEA,"[29] and then it proceeds to allege how the second ALJ committed procedural errors.[30]  Even if true, though, the Court cannot provide relief by making those errors Etiwanda's responsibility.

That said, the Court does not conclude that the ALJ erred.  Courts in this circuit give deference to an ALJ decision when the ALJ "evinces his [or her] careful, impartial consideration of all the evidence and demonstrates his [or her] sensitivity to the complexity of the issues presented."  *J.W.* ex rel. *J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 438 (9th Cir. 2010) (citing *County of San Diego v. California Special Educ. Hrg. Off.*, 93 F.3d 1458, 1466 (9th Cir. 1996)) (internal quotations omitted).

Here, P.C. and Hubbard concede that the ALJ ordered supplemental briefing on the issue of jurisdiction.[31]  Based upon those briefs, the Court concludes that the ALJ made a reasoned decision in view of the allegations. Furthermore, the Court agrees that that OAH had no jurisdiction over a claim that Etiwanda failed to provide Chaffey with a copy of the Agreement after June 27, 2019—the date that Etiwanda's obligations to P.C. ended.  "The OAH . . . is a court of limited subject matter jurisdiction."  *White v. San Bernardino Cty. Superintendent of Sch.*, 2020 WL 2303143, at *4 (C.D. Cal. Mar. 12, 2020).

The proper remedy, therefore, would be for P.C. and Hubbard to file a compliance complaint with the California Department of Education.  As a result, this Court is devoid of jurisdiction over P.C. and Hubbard's remaining claims.[32]

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      The Motion is **GRANTED**.

---

[29]     Amended Complaint ¶ 42.
[30]     *Id*. at ¶¶ 43-46.
[31]     *Id*. at ¶ 61.
[32]     *See* Motion 15:23-16:10.

2.    The Amended Complaint is **DISMISSED for lack of jurisdiction**.

3.    Judgment will issue accordingly.

**IT IS SO ORDERED.**

Dated: December 15, 2022

John W. Holcomb
UNITED STATES DISTRICT JUDGE